IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DUSTIN JAMES GILLEO,<br><br>Defendant. | Case No. 3:19-cr-58<br><br>**UNITED STATES' REPLY TO DEFENDANT'S RESPONSE TO MOTION TO TURNOVER FUNDS FROM INMATE TRUST ACCOUNT** |

The United States of America, by Nicholas W. Chase, Acting United States Attorney for the District of North Dakota, and Matthew D. Greenley, Assistant United States Attorney, submits this reply to Defendant's Response to the United States' Motion to Turnover Inmate Funds. The United States respectfully requests that the Court order the BOP to turnover funds maintained in the Defendant's trust account until the criminal monetary penalties imposed in this case are paid in full.

On May 21, 2021, the United States filed a Motion to Turnover Funds From Inmate Trust Account. (Doc. 54). Dustin Gilleo's (Defendant) requests that this Court dismiss the United States' Motion because he is participating in the Bureau of Prison's (BOP) Inmate Financial Responsibility Program (IFRP). (Doc. 55). The Defendant further requests that the Court appoint him legal counsel in the event the Court does not dismiss this pending motion. Id.

Since the Defendant was sentenced on January 22, 2020, the Clerk of Court has only received a total of $50.00 from the Defendant's participation in the BOP's IFRP. He was ordered to pay a special assessment in the sum of $100.00 and restitution in the

sum of $900.00. (Doc. 52 at 7). These payments have been applied toward his special assessment.

In response to the Defendant's response, the United States asserts (1) the Court is authorized to adjust the Defendant's payment schedule, although the IFRP payment schedule does not preclude the United States from seeking this turnover, as noted below, (2) the Defendant fails to identify a cognizable exemption the Defendant may claim to avoid collection, and (3) the Defendant does not have a right to appointed counsel in this enforcement proceeding.

### I. The Court Should Adjust the Payment Schedule Under 18 U.S.C. § 3664(k).

As an initial matter, the Defendant has not complied with his agreement to pay $25 every quarter. The Defendant's financial responsibility plan, signed March 24 2020, (Doc. 55-1) began over one year ago. The Defendant made payments on June 8, 2020, and on December 9, 2020. By his own terms, he missed payments in September 2020 and March 2021. Accordingly, the Defendant's claim that he is paying restitution in a timely fashion is incorrect. Moreover, even if the Defendant made timely payments as scheduled by his FRP, it would take him his entire ten-year prison term to satisfy restitution. Victims have a statutory right to full and timely restitution, which this Defendant is attempting to frustrate by claiming an exemption to a stimulus windfall.

In view of the Congressional mandates to secure funds and seek payment of restitution for victims, this Court should order the Bureau of Prisons to turn over funds maintained in the Defendant's inmate trust account as payment toward the restitution

owed to the victim of his crime. See 18 U.S.C. § 3664(k), (m), and (n) (allowing the Court to accept notification of a material change in the defendant's economic circumstances from the United States and adjust the Defendant's payment schedule or require immediate payment in full, as the interests of justice require); 18 U.S.C. § 3771 (victim's right to full and timely restitution).

The funds at issue are the Defendant's receipt of a stimulus payment from the CARES Act, COVID-related Tax Relief Act of 2020, and/or American Rescue Plan Act of 2021. This payment is a windfall paid to the Defendant while he was incarcerated. The Defendant's economic circumstances changed when he received the payment. The **Defendant's response indicates he has no intention of voluntarily using any of the stimulus payment to pay restitution in his case.** (Doc. 55). Accordingly, the Court should adjust the Defendant's payment schedule to require immediate payment of those funds maintained in his inmate trust account.

The Judgment does not provide for a specific payment schedule as to the criminal monetary penalties imposed in this case. (Doc. 52 at 7). However, that fact does not limit the United States' ability to collect the restitution imposed as to all assets available to the Defendant simply because he is participating in the Bureau of Prison's IFRP. As summarized by the Fifth Circuit:

> Put simply, although inmates may use IFRP as a vehicle for satisfying unpaid special assessments and fines, a BOP-created IFRP payment schedule does not supersede the terms of the court's sentencing order. Nor does participation in the program shield otherwise collectable assets from recovery and nullify the Government's statutory authority under § 3613(a) to collect on its debt "in accordance with the practices and procedures for enforcement of civil judgment under Federal law or State

law," so long as "[t]here is nothing in the criminal judgment to the contrary."

See United States v. Diehl, 848 F.3d 629, 634-635 (5th Cir. 2017) (citation omitted). See also, United States v. Brewer, No. 16-11707, 699 Fed. Appx. 318, 319 (5th Cir. Oct. 18, 2017) (citing Diehl) (noting "[p]articipation in the IFRP and compliance with a payment schedule does not 'preclude[ ] the Government from using other available collection mechanisms to seek payment of monetary penalties.'"); United States v. Hill, No. 4:13-cr-28-BR, 2017 WL 2964016 at *2 (E.D.N.C. May 24, 2017) (finding "the fact the defendant may be making payments periodically through IFRP . . . is irrelevant" to the United States' motion to turnover of funds from Defendant's inmate trust account); United States v. Boyd, 608 F.3d 334 (7th Cir. 2010) (explaining that participation in the IFRP is voluntary and a defendant cannot be ordered by the district court to participate in the IFRP).

## II.     The Defendant Raises No Cognizable Exemption to Collection

The Defendant also claims he needs the funds on deposit in his inmate trust account to meet those regularly scheduled IFRP payments to avoid any disciplinary action and to meet his own personal needs while in prison.

"The United States may enforce a judgment imposing a fine . . . against all property or rights to property of the person fined, except that

>     (1) property exempt from levy for taxes pursuant to [Title 26 United States Code,] Section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law. . ."

18 U.S.C. § 3613(a).

The same enforcement is available with respect to a judgment for restitution: "In accordance with section 3664(m)(1)(A) of this title, all provisions of this section are available to the United States for the enforcement of an order of restitution." 18 U.S.C. § 3613(f). As stated in the United States' Motion for Turnover of Funds from Inmate Trust Account, this is an exclusive list of exemptions. (Doc. 54 at 4). The Defendant's request to use his stimulus payment for personal expenses instead of restitution is not a recognized exemption.

The Defendant currently owes $950.00 in restitution in this case. (Doc. 54 at 1). He maintains a balance of $644.48 in his inmate trust account, so while these funds will not satisfy his restitution obligation, it will significantly reduce his obligation to his victims. Id. at 2. The ultimate goal is to make the Defendant's victims "whole" in a "timely" manner. 18 U.S.C. 3771(a)(6); United States v. Clausen, 949 F.3d 1076, 1081 (8th Cir. 2020) (noting the purpose of the MVRA is to "make victims of crime whole, to fully compensate these victims for their losses and to restore these victims to their original state of well-being."). However, in light of the Bureau of Prison's IFRP policy and procedures, the United States does not object to the Defendant to retaining $75.00 in his inmate trust account to allow him to meet those needs outlined in his response. See 28 C.F.R. § 545.11(b); United States v. Hinton, No. 4:14-cr-256 RLW, 2021 WL 1546221 at *2 (E.D. Mo. Apr. 20, 2021) (allowing the defendant to retain a minimum sum in his inmate trust account for prison expenses).

### III.     The Defendant Does Not Have the Right to Appointed Counsel.

The Defendant requests that this Court appoint legal counsel to represent him in the event the Court does not dismiss the United States' Motion.  (Doc. 55).  Rule 44 of the Federal Rules of Criminal Procedure provides that "a defendant who is unable to obtain counsel is entitled to have counsel appointed to represent the defendant at every stage of the proceeding from initial appearance through appeal, . . ."  Fed. R. Crim. P. 44(a).  The time frame provided within this rule has long since passed in this case.  This right does not extend to post-judgment collection efforts.  Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) (noting the Supreme Court's "cases establish that the right to appointed counsel extends to the first appeal of right, and no further.").

There is no Sixth Amendment right to counsel in a post-conviction collection action.  See United States v. Cohan, 798 F.3d 84, 89-90 (2d Cir. 2015) (finding defendant "did not possess a right to counsel" in a post-judgment garnishment seeking to collect restitution imposed under the MVRA); United States v. Behrens, 656 Fed. Appx. 789, 790 (8th Cir. July 19, 2016) (citing Cohan) (same).  This motion does not implicate the imposition of restitution and is decidedly civil in nature, like the enforcement of a civil judgment.  Cohan, 798 F.3d at 98.  Therefore, the Defendant may retain counsel, but he is not entitled to appointment of counsel.

Accordingly, the United States respectfully requests that the Court grant the United States' motion and enter an order directing the BOP to turnover funds maintained

6

in the Defendant's trust account, less the sum of $75.00, to the Clerk of Court until the criminal monetary penalties imposed in this case are paid in full.

                                      NICHOLAS W. CHASE
                                      Acting United States Attorney

Dated: June 11, 2021

                        By:    /s/ *Matthew D. Greenley*
                                MATTHEW D. GREENLEY
                                Assistant United States Attorney
                                MN Bar ID 034252X
                                655 First Avenue North, Suite 250
                                Fargo, ND  58102-4932
                                (701) 297-7400
                                matthew.greenley@usdoj.gov
                                Attorney for United States

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>DUSTIN JAMES GILLEO,<br><br>  Defendant. | Case No. 3:19-cr-58<br><br>CERTIFICATE OF SERVICE |

I hereby certify that on June 11, 2021, the following document(s):

UNITED STATES' REPLY TO DEFENDANT'S RESPONSE TO MOTION TO TURNOVER FUNDS FROM INMATE TRUST ACCOUNT

was filed electronically with the Clerk of Court through ECF, and that ECF will send a Notice of Electronic Filing (NEF) to the following: n/a

I further certify that a copy of the foregoing documents will be mailed by first class mail, postage paid, to the following non-ECF participant(s):

Dustin James Gilleo, Inmate No. 17334-059
FCI Texarkana
P. O. Box 7000
Texarkana, TX  75505

*Nicole Olson*

Nicole S. Olson, Paralegal Specialist
Office of the United States Attorney

8